IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL BEHA,

 Plaintiff,

v.            CASE NO. 4:11cv587-RH/CAS

STATE OF FLORIDA, DEPARTMENT
OF HIGHWAY SAFETY AND MOTOR
VEHICLES,

 Defendant.

_____/

# ORDER GRANTING SUMMARY JUDGMENT

  This is an employment-discrimination case. The plaintiff Michael Beha was a supervisory employee of the defendant Florida Department of Highway Safety and Motor Vehicles. He had a contentious relationship with his own supervisor, with his employees, and with others. He missed deadlines, occasionally made errors in emails or presentations, talked loudly in meetings, interrupted others, rolled his eyes, and engaged in other odd behavior, such as standing silently behind an employee while the employee spoke with coworkers in the hallway until the conversation ended. Two employees complained to Mr. Beha's supervisor about Mr. Beha's treatment of the employees; one alleged sexual harassment. In due

course Mr. Beha was fired for poor performance consisting of these and other shortcomings.

Mr. Beha filed this action alleging that the firing was based on gender in violation of Title VII, age in violation of the Age Discrimination in Employment Act, and disability in violation of the Americans with Disabilities Act. Mr. Beha also asserted claims under the Florida Civil Rights Act. In relevant respects the Florida act is governed by the same principles as the federal acts.

The Department has moved for summary judgment. In response, Mr. Beha has abandoned his age and disability claims; he now asserts only that the firing was based on gender. This order grants the Department's summary-judgment motion.

I

Mr. Beha has proffered no direct evidence of gender discrimination. When an employee relies only on circumstantial evidence in support of a gender-discrimination claim, the employee may proceed under the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later cases. Under that framework, an employee first must present a prima facie case. The employer then must proffer a legitimate nondiscriminatory reason for its decision. The employee then must show that the proffered reason was not the real reason for the decision and that instead a reason was discrimination. Alternatively, the employee may present other evidence from which a reasonable

factfinder could infer prohibited discrimination. *See*, *e.g.*, *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

II

Among the elements of a fired employee's prima facie case of gender discrimination is that either (1) the plaintiff was replaced with a person of the other gender or (2) a person of the other gender was not fired in comparable circumstances. *See*, *e.g.*, *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003). Mr. Beha says he has met both of these requirements. But he has not met the second, and he may not have met the first.

Mr. Beha has not met the second requirement because the record includes no evidence that any comparably situated employee performed as poorly as Mr. Beha. He points to other supervisors who made mistakes and missed deadlines, but none made as many mistakes or missed as many deadlines as Mr. Beha, and none did some of the other things Mr. Beha did. None had complaints from employees comparable to those against Mr. Beha.

Whether Mr. Beha has met the first requirement is less clear. When he was fired, his position was split. Some of the duties were assigned to a newly hired man. Other duties were assigned to a woman. Firing one man and hiring another ordinarily is not consistent with gender discrimination; that is why this

circumstance, without more, does not establish a prima facie case. This order assumes, though, that the assignment of some of Mr. Beha's duties to a woman is enough to meet this requirement. The order assumes that Mr. Beha has established a prima facie case.

### III

An employer's burden to proffer a legitimate nondiscriminatory reason for an action is "exceedingly light." *Perryman v. Johnson Prods. Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983). The Department has easily met its burden, offering proof that Mr. Beha was fired for poor performance, and giving specific examples.

### IV

That brings the case to the critical stage. Mr. Beha bears the burden of showing that the proffered reason for his firing—poor performance—was not the real reason, and that instead a reason was gender discrimination. Alternatively, Mr. Beha could prevail by presenting other evidence from which a reasonable factfinder could infer prohibited discrimination. Mr. Beha has not met this burden.

The record includes documentation that Mr. Beha's performance was deficient in a number of respects. Some he denies, but others he does not. Thus, for example, he does not assert—and on this record he could not reasonably assert—that he met all his deadlines. He does not assert—and on this record he could not reasonably assert—that his work did not include errors. He does not

assert—and on this record he could not reasonably assert—that he did not speak loudly in meetings or interrupt others. He does not assert—and on this record he could not reasonably assert—that he was not the subject of complaints to his supervisor from his employees. Indeed, Mr. Beha has explicitly admitted much of this.

Mr. Beha says that others did similar things and that none of this should have led to his firing. But the record includes no evidence that anyone else did all the things Mr. Beha did, or that anyone else did them as frequently. And the decision whether performance at this level, on this many occasions, warrants dismissal is a decision not for a federal court or jury but for the Department. As the Eleventh Circuit has emphasized time and again, Title VII prohibits gender discrimination, but it does not authorize a federal court to sit as a super-personnel board to oversee an employer's management of its employees, so long as gender (or another prohibited characteristic) does not play a role. *See*, *e.g.*, *Chapman v. Al Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000).

This record includes not a shred of evidence of gender discrimination. The case presents instead a classic disagreement between an employer and employee over (1) how well the employee in fact has performed, and (2) whether to retain an employee who has performed as the employer believes the employee has performed. The Department may or may not have accurately assessed Mr. Beha's

performance. The Department may or may not have made a wise decision when it concluded that a supervisor performing at this level should not be retained. But so long as the Department did not act based on gender—and the record includes no evidence from which a jury could reasonably conclude that gender had anything to do with it—Mr. Beha's gender-discrimination claim fails.

V

Finally, a word is in order about Mr. Beha's memorandum in opposition to the Department's summary-judgment motion. Adjectives are no substitute for facts. Accusations are no substitute for analysis. An unfounded conclusion is still an unfounded conclusion no matter how many times it is repeated and no matter how shrill the language in which it is expressed. Calling an adverse party's assertion "ludicrous" is unprofessional and serves no purpose. And the court's rules require a memorandum to be double spaced; putting bullet points before long, single-spaced paragraphs that run page after page does not make single spacing proper. A party makes its best case by presenting a memorandum that sets out the facts and applicable law in a professional tone and within the page limit. The tone of this filing made no difference in the outcome, but it did make it harder to sort through the issues and complete the required thorough analysis of the facts and law.

## VI

For these reasons,

IT IS ORDERED:

The Department's summary-judgment motion, ECF No. 12, is GRANTED. The clerk must enter a judgment stating, "The plaintiff Michael Beha's claims against the defendant Florida Department of Highway Safety and Motor Vehicles are dismissed with prejudice." The clerk must close the file.

SO ORDERED on October 24, 2012.

                                          s/Robert L. Hinkle
                                          United States District Judge